1  LAWSON LAW OFFICES
2  ANTONIO M. LAWSON [State Bar # 140823]
   tony@lawsonlawoffices.com
3  160 Franklin Street, No. 209
4  Oakland, CA  94607
   (510) 419-0940
5  (510) 419-0948 (*fax*)

6
   LAW OFFICES of KENDRA L. TANACEA
7  KENDRA L. TANACEA [State Bar #154843]
   kendra.tanacea@sbcglobal.net
8  198 Corbett Avenue
9  San Francisco, CA 94114
   (415)  934-8844
10 (415)  934-8840 (*fax*)
11
   Attorneys for Plaintiff
12

13
14                  **UNITED STATES DISTRICT COURT**
15                  **CENTRAL DISTRICT OF CALIFORNIA**
16                        **SOUTHERN DIVISION**
17

| | |
|---|---|
| 18  ROBERT SPURR, individually and on behalf of all others similarly situated, | Case No.  SA CV08-0781 DOC (MLGx) |
| 19 | **CORRECTED ORDER FINALLY APPROVING SETTLEMENT AGREEMENT, EFFECTIVE AUGUST 30, 2010,** *NUNC PRO TUNC* |
| 20                Plaintiffs, | |
| 21        vs. | |
| 22  BP PRODUCTS NORTH AMERICA, INC., | |
| 23 | |
| 24                Defendant. | |

On August 30, 2010, the Joint Motion of Plaintiff Robert Spurr and Defendant BP Products North America, Inc. for Final Approval of the proposed class settlement came regularly for hearing. Antonio Lawson of Lawson Law Offices appeared on behalf of Plaintiff Robert Spurr and Alexandra Bodnar of Squire Sanders & Dempsey appeared on behalf of Defendant BP Products North America, Inc. The proposed settlement in this case was preliminarily approved by this Court on April 19, 2010("Preliminary Approval Order") (Dkt. # 73). Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a Fairness Hearing under Fed. R. Civ. P. 23(e) on July 8, 2010. After reviewing the terms of the proposed settlement in the context of the record in this action and the controlling legal authority, the Court finds that the proposed Settlement Agreement is sufficiently fair, reasonable, and adequate.

IT IS THEREFORE ORDERED THAT:

1.  The Court hereby unconditionally certifies the Settlement class, as set forth in the Stipulation, for purposes of this Settlement only.

2.  The Court hereby confirms Tony Lawson and Kendra Tanacea as Class Counsel.  Plaintiff Robert Spurr is confirmed as Class Representative for the Settlement Class.

3.  The notice given to Class Members fully and accurately informed all Class members of all material elements of the proposed settlement, constituted the best notice practicable under the circumstances; constituted valid, due and sufficient notice to all Class members; provided Class members with an adequate opportunity to object and to opt out of the settlement; and complied fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

4.  The Settlement Agreement set forth as Exhibit A is fair, reasonable and adequate to Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Settlement Agreement is hereby finally approved.

1       5.     The Court retains continuing jurisdiction over this matter until such time as the payments called for in the Stipulation and set forth below have been made by the Settlement Administrator out of the $800,000 maximum settlement fund:

    (1) $540,693.56 to the Class (less employee share of taxes);

    (2) $12,000 to Robert Spurr as Class Representative;

    (3) $5,000 to the Labor Workforce Development Agency;

    (4) $200,000 to Class Counsel for their fees and costs;

    (5) $10,000 to Simpluris, Inc. for the cost of administration;

    (6) employer taxes of $32,306.44; and

    (7) $ 0 to Mothers Against Drunk Driving (representing the unclaimed portion allocated to the class)

    (8) any additional amount to Mothers Against Drunk Driving representing the amount of any uncashed settlement checks to the class.

These payments shall be made in accordance with the terms of the Stipulation.

     6.     Upon the Effective Date as set forth in the Stipulation, the Released Claims of each Class Member who did not timely opt-out is and shall be deemed to be conclusively released as against the Released Parties (as those terms are defined in the Stipulation). Except as to such rights or claims that may be created by the Settlement, all Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

     7.     Neither the Settlement nor any of the terms set forth in the Stipulation constitute an admission by BP, or any of the other Released Parties, of liability to the named Plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged in the Action, or of any liability of BP or any of the other Released Parties.

8. If the Settlement does not become final and effective in accordance with the terms of the Stipulation, this Final Approval Order and all orders entered in connection herewith, including the Judgment on this Order, shall be vacated and shall have no further force or effect.

IT IS SO ORDERED.

Dated: September 21, 2010

*David O. Carter*

Honorable David O. Carter
United States Judge